UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT JOSEPH BURTON,

    Defendant.
                                       /

Case No. 06-20465

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

This matter comes before the Court on Defendant Robert Joseph Burton's ("Defendant") motion for reduction of sentence brought pursuant to 18 U.S.C. § 3582(c) [2853]. Being fully advised in the premises, having read the pleadings, and for the reasons stated below and in the government's response [2861], Defendant's motion for reduction of sentence is DENIED.

I.    Background

On December 19, 2011, Defendant pleaded guilty to conducting or participating in the affairs of an interstate enterprise through a pattern of racketeering activity, based on violations of 18 U.S.C. 1962(d) and 1963(a). (Rule 11 Plea Agreement, Dkt. 2284, at 1; PgID 16221.) The racketeering activity that Defendant took responsibility for was: (1) the kidnaping of Ruben Guzman; (2) the attempted murder of Gerald Deese; (3) conspiracy to transport stolen property in interstate commerce; and (4) conspiracy to distribute cocaine. The parties agree that over the seven year time period the amount of cocaine Defendant

personally distributed was between 50-150 kilograms. (Dkt. 2284, at 6; PgID 16226.) Defendant's Rule 11 Plea Agreement reflected a sentencing guideline range of 360 months - life. (*Id.*) In May 2012, this Court imposed a below guideline sentence, with a term of imprisonment of 144 months. (Judgment, Dkt. 2388, at 2; PgID 17199.)

On February 23, 2017 Defendant filed the instant motion to reduce his sentence relying on Amendment 782 and pursuant to 18 U.S.C. § 3582(c). Effective as of November 1, 2014, Amendment 782 to the U.S. Sentencing Guidelines amended the Drug Quantity Table at U.S.S.G. § 2D1.1 by reducing the base offense level for most federal drug trafficking crimes by two levels. In November, 2015, the U.S. Sentencing Commission made Amendment 782 retroactive. U.S.S.G. § 1B1.10(c). Given that the Court calculated Defendant's conspiracy to distribute cocaine offense level according to the Drug Quantity Table prior to Amendment 782's effective date, Defendant believes he is eligible for a reduced sentence.

II. Applicable Law

18 U.S.C. § 3582(c)(2) establishes a two-step inquiry for evaluating a motion for a reduced sentence. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First the Court must determine whether a reduction is consistent with the U.S.S.G. *Id.* Second, if the U.S.S.G. permits a reduction, "§3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

III. Analysis

A reduction is not consistent with the U.S. Sentencing Guidelines, even in light of Amendment 782. The sentencing guidelines in Defendant's plea agreement recommended 360 months - life. This recommendation was calculated with a base offense level of 44 which is determined when guidelines for each of the four racketeering activities attributable to Defendant, are combined. Therefore a change in one of the underlying sentencing guidelines, could change the overall sentencing guideline.

However in this case the change in the underlying cocaine offense level (from a 40 down to a 38)[1] does not change the overall adjusted offense level which, even under Amendment 782, remains at 44. The highest offense level controls the guideline range. Here Defendant received an offense level of 41 for the attempted murder activity. From the starting point of 41, Defendant was and is assigned three additional "units" reflecting adjustments for combinations of equally serious crimes. These adjustments are not impacted by the cocaine offense level being reduced to 38. Therefore, under the new or old measures, the combined adjusted base offense level of 44 remains the same, and there is no change in the recommended guideline range of 360 months-life, even under Amendment 782.

Furthermore, Defendant received a sentence well below the U.S. Sentencing Guideline range. This Sixth Circuit has found that "[r]ead together, [USSG] § 1B1.10(b)

---

[1] When Defendant was sentenced, the conspiracy to distribute cocaine warranted an adjusted offense level of 40, for possessing between 50-150 kilograms of cocaine (according to the old guidelines a level 36 offense) plus an adjustment of 4 additional points for acting as a leader (according to 3B1.1). Under Amendment 782, the amended guidelines, require an updated offense level for his conspiracy to distribute cocaine to 38. This reflects a level 34 offense for possessing between 50-150 kilograms of cocaine plus the adjustment of 4 additional point for acting as a leader.

and § 3582(c)(2) do not permit a sentence [reduction] below the bottom of the amended Guidelines range." *United States v. Allen*, 614 F.3d 253, 257 (6th Cir. 2010) (citing *Dillon*, 560 U.S. at 826; *United States v. Washington*, 584 F.3d 693, 701 (6th Cir. 2009)). This Court lacks the authority to reduce Defendant's sentence, even if it were so inclined, which it is not.

    SO ORDERED.

                             s/Nancy G. Edmunds
                             Nancy G. Edmunds
                             United States District Judge

Dated: April 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2018, by electronic and/or ordinary mail.

                             s/Lisa Bartlett
                             Case Manager